UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
"IN ADMIRALTY"

SEAN ROSEN,

      Plaintiff,                            Case No. 3:25-cv-00122-TJC-LLL

v.

BRUCE CRAIG, CC1969, LLC,
BRIAN KELLY, and NICK KINCAID,

      Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S *PRO SE* COMPLAINT

     Defendants, BRUCE CRAIG, CC1969, LLC ("CC1969"), BRIAN KELLY, and NICK KINCAID, by and through their undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), hereby move to dismiss Plaintiff's *pro se* Complaint for Insufficient Service of Process and for Failure to State a Claim, and in support thereof, state as follows:

### Background

     Plaintiff, SEAN ROSEN ("Plaintiff"), has invoked this Honorable Court's admiralty jurisdiction, apparently in pursuit of maintenance and cure, court supervision of long-term disability benefits, and enforcement of rights under his Seafarers Employment Agreement ("SEA"). (ECF No. 1, p. 4). Plaintiff asserts that the denial of these benefits has impaired his ability to reach

1

maximum medical improvement ("MMI") and claims his contractual rights are being "diminished." *Id*. He further claims an amount in controversy exceeding $75,000, based on unpaid maintenance and cure and long-term disability benefits.

Attached to the initial Complaint are several documents, including an Emergency Motion for Court Supervision (ECF No. 1-1, pp. 1–4), the SEA (ECF No. 1-1, pp. 6–12), and various correspondence (letters, emails, and screenshots of text messages) between Plaintiff and other individuals, presumably including Defendants. (ECF No. 1-1, pp. 13–16, 22–24). Plaintiff seeks immediate access to a general practitioner, mental health care, and Court intervention to enforce his rights under the SEA, claiming he is owed $65,000 in benefits pursuant to the SEA. (ECF No. 1, p. 4, ¶ 4). The Court has indicated that it will not act on the pending motion until service of process has been completed and Defendants have entered appearances. (ECF No. 7). The Court directed service on Defendants via the U.S. Marshals Service. (ECF No. 7).

However, Plaintiff's Complaint is deficient for a variety reasons. First, Plaintiff has failed to sufficiently serve process. Second, Plaintiff's Complaint is an improper, shotgun pleading. Third, Plaintiff has failed to state a claim upon which relief can be granted. As such, the Defendants' respectfully request that this Honorable Court dismiss Plaintiff's Complaint in its entirety.

## Memorandum of Law

### I.    Standard for a Motion to Dismiss

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint – not its merits. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984). The court, however, does not generally accept as true conclusory allegations. *S. Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996) (citing *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)). Typically, courts are limited to the four corners of the complaint. *Zimmerman v. Buttigieg*, 521 F. Supp. 3d 1197, 1206 (M.D. Fla. 2021). This includes "documents central to or referenced in the complaint, and matters judicially noticed." *La. Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

*Pro se* litigants are "held to a less demanding pleading standard than a lawyer." *Brown v. Gen. Pers. Consultants, Inc.*, 13 Fla. L. Weekly Fed. D297 (U.S. M.D. Fla. April 6, 2000) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976)). "[T]he complaint should [still] 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A pro se complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a

responsive pleading constitutes a 'shotgun pleading' . . . prohibited by Rule 8(a)(2)." *Rogero v. United States*, CASE NO. 3:16-cv-1390-J-34JBT, 2017 U.S. Dist. LEXIS 28773, at *4 (M.D. Fla. Feb. 3, 2017).

Pursuant to Fed. R. Civ. P. 12(b)(5), "when a defective summons is served, the defendant has the right, and indeed the duty to assert the defense of insufficient process in a motion or responsive pleading." *Sanderford v. Prudential Ins., Co., of America*, 902 F.2d 897, 898 (11th Cir. 1990). Further, in accordance with Fed. R. Civ. P. 12(b)(6), a defendant may file a motion to dismiss a plaintiff's claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss, a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A district court may properly dismiss a complaint that rests only on conclusory allegations, unwarranted deductions or facts or legal conclusions masquerading as facts" because "unsupported conclusions of law or of mixed fact and law" do not prevent dismissal. *Karacsonyi v. Alvarez*, No. 11-cv-20184, 2011 U.S. Dist. LEXIS 128242, at *11-12 (S.D. Fla. 2011). The allegations must include "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 662.

A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action" will not do. *Twombly*, 550 U.S. at 555. Indeed, "a plaintiff armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Iqbal*, 556 U.S. at 678-79. When a plaintiff "[has] not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

## II.    Insufficient Service of Process

Defendants seek dismissal of Plaintiff's Complaint for insufficient service of process. "Where a defendant challenges service of process, the plaintiff bears the burden of establishing its validity." *Fitzpatrick v. Bank of N.Y. Mellon*, 580 F. App'x 690, 694 (11th Cir. 2014) (citing *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. Unit A Jan. 1981)). "A defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam). "Insufficient service of process occurs when a defendant is not properly served in accordance with state laws on service of process, such as, not serving the proper individual when attempting to serve a corporation." Fed. R. Civ. P. 4; *Bijou v. S. Mgmt. Corp.*, CASE NO. 2:09-CV-295-FtM-36SPC, 2010 U.S. Dist. LEXIS 149250, at *7 (M.D. Fla. July 8, 2010).

Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915. Federal Rule of Civil Procedure 4(c)(3) requires that District Courts order the U.S.

5

Marshals to effect service on behalf of a plaintiff proceeding *in forma pauperis* ("IFP") or as a seaman. Accordingly, the Court ordered the U.S. Marshals to serve Defendants on behalf of Plaintiff. (ECF No. 7, p. 2). Still, this Court must verify that the procedural service requirements are satisfied before asserting personal jurisdiction over any Defendant. *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987). Further, Plaintiff's status "will not excuse mistakes regarding procedural rules." *Redmon v. Lake Cnty. Sheriff's Off.*, 414 F. App'x 221, 225-26 (11th Cir. 2011).

In *Bijou*, the court quashed service and dismissed the action due to improper service. 2010 U.S. Dist. LEXIS 149250. There, the marshal was tasked with effecting service on a corporate defendant. *Id*. A copy of the summons and complaint was delivered to an individual but did not confirm her authority to accept service on behalf of the corporation, thereby violating Rule 4(h) and Fla. Stat. § 48.081. *Id*. The court held that IFP plaintiffs are entitled to rely on court officers for service, and failure by the Marshal constitutes "good cause" under Rule 4(m). *Id*. The court quashed the service but granted leave to amend and re-serve properly through the Marshal. *Id*.

In *Fitzpatrick*, 580 F. App'x 690, the Eleventh Circuit affirmed dismissal of the plaintiff's claims against a law firm for insufficient service of process. 580 F. App'x 690. The *pro se* plaintiff attempted to serve the firm by mail with

a waiver request. *Id*. However, that did not comply with Federal Rule of Civil Procedure 4(d) as it was addressed to the firm, not the registered agent, and included only one waiver form. *Id*. The firm did not return a waiver, and the plaintiff failed to effect personal service or show good cause for the failure within the previous Rule 4(m) deadline. *Id*. The court reiterated that actual notice does not cure defective service and that the burden to establish proper service lies with the plaintiff. *Id*.

Plaintiff filed suit on February 4, 2025, triggering the Rule 4(m) deadline to serve all Defendants by May 5, 2025. He named Bruce Craig, CC1969, Brian Kelly, and Captain Nick Kincaid. (ECF No. 1, p. 3). Additionally, the summonses were prepared with the information Plaintiff provided the Court. (ECF No. 8). On April 28, 2025, the marshal service delivered a copy of the summons and complaint to Mr. Craig via FedEx. To date, only Mr. Craig has been "served," but Rule 4 does not explicitly permit service of process via FedEx. Rather, the Marshal Service is generally required to effectuate service according to the methods under Rule 4. *Rance*, 583 F.3d at 1286-87.

Federal Rule of Civil Procedure 4(h)(1) governs service on LLCs and permits personal service on officers or agents. Fed. R. Civ. P. 4(h)(1); *see Fitzpatrick*, 580 F. App'x at 693 (applying 4(h) to an LLC). An LLC may also be served according to the law of the state where the district court is located or in which service is effected. Fed. R. of C. P. 4(h)(1)(A), 4(e)(1). Under Florida

law, service of process on an LLC may be accomplished by serving the LLC's registered agent pursuant to Fla. Stat. § 48.062(1). *See Shelton v. CSG Sols. Consulting L.L.C.*, No. Case No: 6:18-cv-1335-Orl-41KRS, 2018 U.S. Dist. LEXIS 241998, at *3 (M.D. Fla. Oct. 12, 2018) (citing *Conair Corp. v. K & A Beauty, LLC*, No. 6:14-CV-920-ORL-41, 2014 U.S. Dist. LEXIS 123293, 2014 WL 4385635, at *2 (M.D. Fla. Sept. 4, 2014)).

Although Plaintiff is relieved of his obligation to effect service, the information he provides must enable the Marshals to do so. *See Rance*, 583 F.3d at 1287. Absent good cause, improper service deprives a district court of "personal jurisdiction over a defendant and power to render a judgment." *Yaniga v. Fla. DOT*, No. CASE NO: 8:11-cv-1371-T-23TBM, 2011 U.S. Dist. LEXIS 145549, 2011 WL 6338910, at *1 (M.D. Fla. Dec. 19, 2011) (citations omitted). An IFP plaintiff shows good cause "when he demonstrates that a United States Marshal's failure to effectuate service on his behalf was not attributable to an error on the plaintiff's part." *Bijou*, 2010 U.S. Dist. LEXIS 149250, at *8.

To date, Mr. Craig is the only party that has received a copy of the Summons and Complaint. Based on the information Plaintiff supplied, the U.S. Marshal "served" CC1969 at C/O Songwriters Across Texas, 2028 E Ben White Blvd, Suite 425, Austin, TX. However, CC1969 is a Delaware LLC with a registered agent there. *See* 6 Del. C. § 18-105 (governing service of process on

domestic limited liability companies). Additionally, CC1969 is registered as a foreign entity in Florida with a registered agent in the state. Section 48.062, Florida Statutes governs proper service of process on LLCs in Florida and must be strictly construed. *See Id.* § 48.062; *Wyatt v. STRG Invs., L.L.C.*, No. 8:24-cv-523-KKM-NHA, 2024 U.S. Dist. LEXIS 143772, at *5-6 (M.D. Fla. Aug. 13, 2024); *see also Koster v. Sullivan,* 160 So. 3d 385, 388 (Fla. 2015); *Abele v. City of Brooksville, FL*, 273 F. App'x 809, 810 (11th Cir. 2008).

Additionally, there is no indication that service has been attempted on Captain Nick Kincaid and no Summons was directed to Brian Kelly. Because Plaintiff's lack of diligence in gathering the appropriate information is the root of the Marshal's inability to effect service, the cause should be dismissed for insufficient service of process.

## III.   Plaintiff's Complaint is an Improper, Shotgun Pleading

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). In *Weiland*, the Eleventh Circuit identified four common types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts," (2) a complaint guilty of "being replete with conclusory, vague, and

immaterial facts," (3) a complaint that commits the sin of "not separating into a different count each cause of action or claim for relief," and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321-23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

"[N]otice is the touchstone of the Eleventh Circuit's shotgun pleading framework." *Doe v. Carnival Corp.*, 470 F. Supp. 3d 1317, 1323 (S.D. Fla. 2020) (quoting *Cont'l 332 Fund, LLC v. Albertelli*, 317 F. Supp. 3d 1124, 1139 (M.D. Fla. 2018)). "The key inquiry is whether the 'failure to more precisely parcel out and identify the facts relevant to each claim materially increase[s] the burden of understanding the factual allegations underlying each count.'" *Id.* (quoting *Weiland*, 792 F.3d at 1324). Further, "[a] pro se complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading'. . . prohibited by Rule 8(a)(2)." *Rogero*, 2017 U.S. Dist. LEXIS 28773, at *4.

Here, Plaintiff's Complaint is guilty of falling within the second and fourth type of shotgun pleading identified by the Eleventh Circuit, a complaint

10

that is guilty guilty of "being replete with conclusory, vague, and immaterial facts," that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, F.3d 1321-23. Plaintiff names four (4) Defendants in his Complaint: Bruce Craig, CC1969, Brian Kelly, and Captain Nick Kincaid. In the Statement of Claim and Request for Relief, Plaintiff alleges that he is seeking "maintenance & cure [and] [long-term] disability benefit supervision," because "[he] believe[s] all of the SEA is breached[.]" (ECF No. 1, p. 4). However, it is unclear from Plaintiff's allegations who exactly Plaintiff is bringing his causes of action against and who he is seeking relief from.

In *Peele v. 17th Judicial Cir. of Fla.*, the appellants Tamiko Peele and Robert Walker, proceeding *pro se*, appealed the district court's *sua sponte* dismissal of their complaint without prejudice as an impermissible "shotgun" pleading. No. 23-10916, 2024 U.S. App. LEXIS 5966, at *2-3 (11th Cir. Mar. 13, 2024). "[T]he appellants filed a state-court complaint against numerous defendants based on the aftermath of an injury Walker allegedly suffered while employed by one of the defendants, the United Parcel Service, Inc." *Id.* at *3. The complaint fit two types of shotgun pleadings. *Id.* at *9. "It contained multiple counts that adopted the allegations of all preceding counts, and it

asserted multiple    claims against multiple    defendants without    specifying which of the defendants were responsible for which acts." *Id*.

The Eleventh Circuit noted that "the district court was permitted to dismiss the complaint under its 'inherent authority to control its docket and ensure the prompt resolution of lawsuits.'" *Id*. (citing *Vibe Micro Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2008) (internal quotation marks omitted)). As such, the Eleventh Circuit held that the district court "was within its discretion to dismiss the complaint as an impermissible shotgun pleading." *Id*. at *9-10 (citing *Weiland*, 792 F.3d at 1320). As such, Defendants respectfully request that Plaintiff's Complaint be dismissed as a shotgun pleading.

## IV.    Plaintiff Fails to Bring His Claims Under the Law of the Flag State of the Vessel and as Such His Complaint Should be Dismissed

"Where a contract is clear and unambiguous, it must be enforced pursuant to its plain language." *Hahamovitch v. Hahamovitch*, 174 So. 3d 983, 986 (Fla. 2015) (citing *Crawford v. Barker*, 64 So. 3d 1246, 1255 (Fla. 2011). "[W]hen the parties to a contract have indicated their intention as to the law which is to govern, it will be governed by such law in accordance with the intent of the parties." *Dep't of Motor Vehicles ex rel. Fifth Ave. Motors, Ltd. v. Mercedes-Benz of N. Am., Inc.*, 408 So. 2d 627, 629 (Fla. 2d DCA 1981). Further, "[l]ongstanding precedent establishes a federal maritime rule: choice-of-law

provisions in maritime contracts are presumptively enforceable." *See, e.g., Great Lakes Ins. SE v. Raiders Retreat Realty Co., LLC*, 601 U.S. 65, 70, 144 S. Ct. 637, 642 (2024).

Additionally, choice-of-law clauses are appropriately examined in a motion to dismiss. *See Am. Safety Cas. Ins. Co. v. Mijares Holding Co.*, 76 So. 3d 1089 (Fla. 3d DCA 2011) (holding that a forum selection clause is appropriately examined in a motion to dismiss); *Se. Floating Docks v. Auto-Owners Ins. Co.*, 82 So. 3d 73 (Fla. 2012) (holding that "[a]n agreement between parties to be bound by the substantive laws of another jurisdiction is presumptively valid, and this Court will enforce a choice-of-law provision unless applying the chosen forum's law would contravene a strong public policy of this State."). As such, it is appropriate for this Honorable Court to consider the choice-of-law provision contained within the SEA.

By signing the SEA, Plaintiff has demonstrated a clear intent to be bound by the laws of the Marshall Islands. Plaintiff agreed to and executed the SEA, which states:

> The parties to this contract hereby stipulate that the terms and conditions laid down herein shall be subject to the applicable provisions of the Maritime Law and Regulations of the Republic of the Marshall Islands. Any dispute as to the terms and conditions of this contract shall be resolved in accordance with the Maritime Law and Regulations of the Republic of the Marshall Islands.

(ECF No. 1-1, pp. 10-11).

Plaintiff fails to allege how the application of Marshall Islands law would contravene public policy. By executing the SEA, Plaintiff acknowledged that he understood, accepted, and agreed to be bound by all the terms of the contract. As a result, the Employment Agreement's choice-of-law provision are mandatory and must be enforced. Accordingly, Plaintiff fails to bring any claims under the Marshall Islands law and as such his Complaint should be dismissed. Even if Marshall Islands law is inapplicable, then Defendants assert that general maritime law applies.

## V.   Plaintiff Fails to Properly Plead a Claim Upon Which Relief Can be Granted

### a. In the event that this Honorable Court finds that Marshall Islands Law Does Not Apply, then U.S. General Maritime Law Applies

Should this Honorable Court find that Marshall Islands law is not the applicable substantive law, then Defendants assert that the applicable law is general maritime law.

Incidents occurring on navigable waters and/or bearing a significant relationship to traditional maritime activities are governed by general maritime law. Additionally, a seaman's claims for maintenance and cure are governed by general maritime law. *Flores v. Carnival Cruise Lines*, 47 F.3d 1120, 1122 (11th Cir. 1995) ("[u]nder general maritime law, [the plaintiff] is entitled to bring an action for 'maintenance and cure,' a remedy available to

compensate seamen who fall ill or become injured during their employment");
*Nichols v. Barwick*, 792 F.2d 1520, 1523 (11th Cir. 1986) ("[m]aintenance and cure are centuries old remedies under the general maritime law"). Here, Plaintiff alleges that he was injured while working as a crewmember on the *M/Y CUPCAKE*. (ECF No. 1-1, p. 1). Plaintiff also agrees that this action arises under admiralty jurisdiction. (ECF No. 1, p. 3, ¶ 2).

**b. Plaintiff's Maintenance and Cure Claim**

"Maintenance and cure is a contractual form of compensation afforded by the general maritime law to seamen who fall ill or are injured while in the service of a vessel." *Jauch v. Nautical Servs., Inc.*, 470 F.3d 207, 212 (5th Cir. 2006) (citing *McCorpen v. Cent. Gulf S. S. Corp.*, 396 F.2d 547, 548 (5th Cir. 1968)). "Maintenance is a daily stipend for living expenses," whereas "cure is the payment of medical expenses." *Lodrigue v. Delta Towing, L.L.C.*, 2003 U.S. Dist. LEXIS 22933, 2003 WL 22999425, at *6 n.51 (E.D. La. Dec. 19, 2003) (citing *Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496, 1499 (5th Cir. 1995), *abrogated on other grounds by Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 425, 129 S. Ct. 2561, 174 L. Ed. 2d 382 (2009)). "The right to maintenance and cure springs from the seaman's dependence on his ship, and does not turn on fault of the shipowner or the seaworthiness of the vessel." *Costa Crociere, S.p.A. v. Rose*, 939 F. Supp. 1538, 1548 (S.D. Fla. 1996) (citing cases).

"To recover for maintenance and cure, a plaintiff must prove that: (1) he worked as a seaman; (2) he became ill or injured while in the vessel's service; and (3) he lost wages or incurred expenditures relating to the treatment of the illness or injury." *Beeman v. F/V Juma*, No. 8:21-cv-233-AAS, 2022 U.S. Dist. LEXIS 89703, at *3 (M.D. Fla. May 18, 2022). A "seaman's right to maintenance and cure is implicit in the contractual relationship between the seaman and his employer[.]" *Smith v. BP Am., Inc.*, 522 Fed. Appx. 859, 863 (11th Cir. 2013) (quoting *Pelotto v. L & N Towing Co.*, 604 F.2d 396, 400 (5th Cir. 1979). "The allegation that a particular defendant was Plaintiff's employer is also critical to Plaintiff's claim for maintenance and cure." *Petrovic v. Princess Cruise Lines, Ltd.*, No. 12-21588-CIV, 2012 U.S. Dist. LEXIS 100919, at *12 n.3 (S.D. Fla. July 20, 2012) (citing *Mahramas v. Am. Exp. Isbrandtsen Lines, Inc.*, 475 F.2d 165, 172 (2d Cir. 1973) (upholding district court's dismissal of plaintiff's claims for maintenance and cure against a ship owner who was not her employer)).

Further, when a plaintiff proceeds *in forma pauperis* courts review the case pursuant to 28 U.S.C. § 1915(e)(2) and dismiss the action if the plaintiff "(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B); *Rogero*, 2017 U.S. Dist. LEXIS 28773, at *3.

Here, as this Honorable Court noted, "it is not at all clear what specific action Plaintiff is seeking." (ECF No. 4, p.2). Presumably, Plaintiff asserts maintenance and cure claims against all Defendants but does not identify which employed him. (ECF No. 1). If so, Plaintiff bears the burden of establishing an employer-employee relationship with at least one Defendant. *Demici v. Holland Am. Line N.V., L.L.C.*, CASE NO.: 20-61033-CIV-SINGHAL, 2020 U.S. Dist. LEXIS 265011, at *5-6 (S.D. Fla. Oct. 20, 2020). Here, Plaintiff's Complaint does not differentiate the Defendants' conduct as it relates to his maintenance and cure claim. As such, pleading a maintenance and cure claim against all Defendants is improper. While alternative pleading is allowed, the rule is clear – "only one person, firm, or corporation can be sued as employer." *See*, e.g., *Cosmopolitan Shipping Co. v. McAllister*, 337 U.S. 783, 785, 69 S. Ct. 1317, 1318 (1949); *see also Hanzevack v. Diversified Yacht Servs., Inc.*, No. 2:22-cv-364-JLB-NPM, 2023 U.S. Dist. LEXIS 13640 (M.D. Fla. Jan. 26, 2023) (holding that a seaman may plead in the alternative against multiple defendants where the identity of the employer or vessel operator is uncertain).

Thus, establishing an employment relationship is a necessary precondition to Plaintiff's entitlement maintenance and cure. *Smith v. BP Am., Inc.*, 522 F. App'x 859 (11th Cir. 2013) (citing *Spinks v. Chevron Oil Co.*, 507 F.2d 216, 224 (5th Cir. 1975)). Plaintiff names Bruce Craig, CC1969, Brian Kelly, and Capt. Nick Kincaid in his Complaint, yet Plaintiff fails to identify

who his employer was at the time of the alleged incident, which gave rise to his claim for maintenance and cure. (ECF No. 1).

If the identity of Plaintiff's employer was unclear, Plaintiff could plead in the alternative and bring maintenance and cure claims against each Defendant, but that is not the case. The SEA expressly states: "This agreement is made between: Seann P. Rosen and CC1969, LLC." (ECF No. 1-1, pp. 6-12). Any questions about Plaintiff's employer are readily answerable by reviewing the attachments to the initial filing. *See Gill v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' Fed. R. Civ. P. 10(c), including for ruling on a motion to dismiss.")

In *MacMartin v. Marine Mgmt. Servs.*, the court dismissed the plaintiff's maintenance and cure claim where, as here, she "did not allege that she lost wages as a result of the alleged harassment or that she sought medical treatment [because] of the emotional and psychological distress and related physical manifestations she alleges." NO. 3:22-cv-610-BJD-LLL, 2023 U.S. Dist. LEXIS 21314, at *33 (M.D. Fla. Feb. 7, 2023), *report and recommendation adopted*, 2023 LEXIS 48996 (M.D. Fla. Mar. 20, 2023). The *MacMartin* Court noted that "[w]hile maintenance and cure claims are broadly construed, [a] plaintiff must still 'plead [] factual content that allows the court to draw the reasonable inference that the [defendants are] liable for [maintenance and

18

cure].'" *Id.* at *34 (citing *Iqbal*, 556 U.S. at 678). Here, Plaintiff has similarly failed to plead sufficient allegations to allow this Honorable Court to draw the reasonable inference that one, if any, of the Defendants are liable for Plaintiff's maintenance and cure benefits.

Further, maintenance and cure requires more than the mere assertion of illness or injury; Plaintiff must demonstrate actual financial loss of wages or that he incurred expenditures relating to the treatment of the illness or injury. *Beeman*, 2022 U.S. Dist. LEXIS 89703, at *3. Even a generous reading of Plaintiff's complaint fails to establish financial loss. Plaintiff provides two letters from U.S. Maritime Consultants ("USMC") each dated January 15, 2025. (ECF No. 1, pp. 22 & 23). The first USMC letter, dated January 15, 2025, shows that Plaintiff received a $4,000.00 check as a third advance towards settlement. (ECF No. 1-1, p. 22). The second USMC letter, dated January 15, 2025, shows that Plaintiff received a $3,140.00 check for maintenance benefits for January 2025. (ECF No. 1-1, p. 23). Moreover, this Court itself acknowledged that the attachments to Plaintiff's complaint suggest that "he has settled his case and is receiving maintenance and cure." (ECF No. 4, p. 2).

Here, Plaintiff has improperly brought claims for maintenance and cure against all the named Defendants and failed to identify his employer in order to establish his right to maintenance and cure. (ECF No. 1). Given the absence of an employer-employee relationship between Plaintiff, Bruce Craig, Brian

Kelly, and Capt. Nick Kincaid, the maintenance and cure claims against them should be dismissed. Assuming there is an employment relationship between Plaintiff and CC1969, he has failed to establish that he lost wages or incurred expenses related to his medical treatment. In fact, Plaintiff's maintenance and cure benefits have continued to be paid to date. Therefore, this court should dismiss Plaintiff's maintenance and cure claims because he has not established the necessary elements against any Defendant.

### c. Plaintiff's Long-Term Disability Claim

Plaintiff's Complaint also alleges that he is owed long-term disability benefits pursuant to the SEA. (ECF No. 1, p. 4, ¶ 3). Section Nine (9) states:

> In the event of the seafarer's death or long-term disability due to an occupational injury, illness or hazard occurring from the date on which the seafarer leaves home to join the vessel to the date on which the seafarer is duly repatriated, the seafarer will be entitled to compensation, the levels of which will be attached as an annex to this agreement.

(ECF No. 1-1, p. 9). However, Plaintiff failed to attach the annex as an exhibit and has made no reference to the level of benefits owed to him anywhere else in the Complaint. (ECF No. 1). As such, Defendants contend that Plaintiff's claim for long-term disability benefits is unenforceable.

Under Florida law, "where a written contract refers to and sufficiently describes another document, that other document or so much of it as is referred to, may be regarded as part of the contract and therefore is properly considered

in its interpretation." *Dependable Component Supply Corp. v. Lear Corp.*, No. 06-61105-CIV, 2007 U.S. Dist. LEXIS 104762, 2007 WL 9698314, at *1 (S.D. Fla. May 14, 2007) (citing *Jenkins v. Eckerd Corp.*, 913 So.2d 43, 51 (Fla. 1st DCA 2005). A "document may be incorporated by reference in a contract if the contract specifically describes the document and expresses the parties' intent to be bound by its terms." *Id.* General language of incorporation requires more than a "mere reference to the collateral document[.]" *Id.*

Here, although Section Nine (9) of the Employment Agreement contemplates an annex detailing disability compensation, it is absent from Plaintiff's initial filing. While incorporation by reference may bind parties to external documents not contained in the agreement, enforceability requires that the document be specifically described, and the parties clearly express an intent to be bound. As such, Defendants contend that Plaintiff's claim for long-term disability benefits is unenforceable.

**WHEREFORE**, Defendants, BRUCE CRAIG, CC1969, LLC, BRIAN KELLY, and NICK KINCAID respectfully request that this Honorable Court enter an Order dismissing Plaintiff's Complaint and for all other relief it deems just and proper.

Dated: May 19, 2025.

Respectfully submitted,

*/s/ Juan C. Perez, Jr.*
**JUAN C. PEREZ, JR.**
Florida Bar No.: 91581
jperez@admiral-law.com
**HORR, SKIPP & PEREZ, P.A.**
Two Datran Center, Suite 1700
9130 S. Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

*/s/ Juan C. Perez, Jr.*
**JUAN C. PEREZ, JR.**
Florida Bar No.: 91581

## <u>SERVICE LIST</u>

**SEAN ROSEN**
seann.patrick@icloud.com
15509 Bream Rd.
Jacksonville, FL 32226
Telephone: (954) 997-5509
***Pro Se* Plaintiff**

**JUAN C. PEREZ, JR.**
Florida Bar No.: 91581
jperez@admiral-law.com
**HORR, SKIPP & PEREZ, P.A.**
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
***Attorneys for Defendants***