UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
"IN ADMIRALTY"

SEAN ROSEN,

       Plaintiff,

v.                                                                 Case No. 3:25-cv-122-TJC-LLL

M/Y CUPCAKE, etc., et al.,

       Defendants.

_____

## O R D E R

Proceeding without counsel, plaintiff filed this admiralty suit for maintenance and cure and other relief following an injury he allegedly received while working as an engineer on the M/Y Cupcake (Doc. 1). Although plaintiff named the M/Y Cupcake as a defendant in the suit, his motion to arrest the vessel (Doc. 11) was denied without prejudice (Doc. 13) and was not renewed.[1] Plaintiff, through counsel, subsequently filed an amended complaint that did not name the vessel as a defendant (Doc. 32). Plaintiff then had a falling out with his counsel and now, again proceeding pro se, he has moved, in effect, to file a Second Amended Complaint to add the vessel back in as a defendant (Doc.

---

[1] Through the U.S. Marshals Service, plaintiff served process in Fort Lauderdale on David Ross, as broker and agent for the M/Y Cupcake. See Doc. 40, Ex. G. The M/Y Cupcake has not appeared in this action and the Court takes no position as to whether service on Mr. Ross was effective or not.

39).    He has also filed an emergency motion for reinstatement of maintenance and cure (Doc. 41), and an emergency motion for temporary restraining order (Doc. 53) in which he seeks to stop an upcoming auction of the M/Y Cupcake, arguing that its possible removal from the district could make it difficult for him to secure later relief.[2]

Plaintiff represents that he is attempting to secure new counsel and the case is already set for a status of counsel hearing before the assigned magistrate judge on April 13, 2026.    The Court will deny plaintiff's motion for leave to further amend his complaint (Doc. 39) subject to renewal following the hearing. If plaintiff fails to secure new counsel and chooses to continue with this case pro se, he may file a renewed motion for leave to amend, but must attach his proposed Second Amended Complaint as an exhibit.

As for the emergency motion seeking maintenance and cure (Doc. 41), plaintiff's motion is deficient in that it fails to identify which defendant owes plaintiff a duty of maintenance and cure, and otherwise fails to meet the criteria for securing emergency relief.    See, e.g., Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) ("A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2)

---

[2] Because plaintiff was filing motions pro se at the same time he was still represented by counsel, the Court excused defendants from responding.    See Doc. 49.

2

irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.") (citations omitted).   Granting emergency relief "is an extraordinary and drastic remedy" and "is the exception rather than the rule."   Id. (citations omitted).   Additionally, plaintiff's filing fails to comply with the Local Rules requirements for emergency filings of this nature.   See L.R. 6.01.

Finally, as to the emergency motion for temporary restraining order and restoration of in rem defendant (Doc. 53), in which plaintiff seeks to have the Court stop the upcoming auction of the M/Y Cupcake, that motion is also due to be denied.   Plaintiff states the auction is occurring after the Palm Beach boat show.   Although he does not state whether the M/Y Cupcake is in Palm Beach, if so, it is not in the Middle District of Florida.[3]   The vessel is not under arrest (at least not from this Court) and plaintiff has provided no authority upon which the Court could arrest a vessel or stop the sale of a vessel outside of its jurisdiction.[4]   Thus, plaintiff's filing fails to demonstrate that he meets the

[3] At the time of his injury, the M/Y Cupcake was in Antigua; earlier filings stated the vessel was in the U.S. Virgin Islands and Newport, Rhode Island.   See Docs. 32 at ¶ 15; 11 at 1; 40, Ex. I.   None of those locations are within the jurisdiction of the Middle District of Florida.

[4] Moreover, plaintiff represents that his maritime lien for maintenance and cure stays with the vessel regardless of new ownership.   See Doc. 53.

standard to secure emergency relief.[5]   See Siegel, 234 F.3d at 1176.

The Court understands plaintiff has a serious injury.   However, as plaintiff has been repeatedly cautioned, this case will be extremely difficult to prosecute without the assistance of an experienced admiralty lawyer. Defendants' prior filings raise defenses that plaintiff will likely have to address if those defenses are renewed.   Moreover, all litigants, including those without lawyers, are required to follow the rules of the Court.   Plaintiff's pro se filings fall far short (including the filings the Court has addressed above).   Plaintiff cannot keep filing emergency motions to try to obtain relief without a good faith basis to do so, and future motions may be struck because they fail to comply with the rules.

Accordingly, it is hereby

**ORDERED**:

1.      Plaintiff's Motion to Strike and for Leave to File Corrected Amended Complaint (Doc. 39) is **denied without prejudice** to renewal

---

Plaintiff states the sale could make it more difficult for him to pursue that relief but as the vessel is not under arrest from this Court and is apparently not physically in this district (and is not alleged to have ever been in this district), the Court is unsure how a sale would change plaintiff's circumstances, further demonstrating that the motion should be denied.

[5] As to plaintiff's request to name the vessel as an in rem defendant, that relief is denied without prejudice to reconsideration as part of any future motion for leave to file a second amended complaint.

4

following the status of counsel hearing.

2.     Plaintiff's emergency motion for maintenance and cure (Doc. 41) is **denied**.

3.     Plaintiff's motion for a temporary restraining order (Doc. 53) is **denied**.

**DONE AND ORDERED** in Jacksonville, Florida this 24th day of March, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

s.
Copies:
Counsel of record
Pro se plaintiff via U.S. mail
and by email:   seann.patrick@icloud.com